UNITED STATES DISTRICT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

| | |
|---|---|
| THOMAS RASTELLI, | **COMPLAINT** |
| Plaintiff, | Docket No.: 1:21−cv−00799 (FJS/DJS) |
| -against- | |
| COX AUTOMOTIVE, INC. D/B/A MANHEIM, TIMOTHY JANEGO, and KRISTA FALCONE | **JURY TRIAL DEMANDED** |
| Defendants. | |

----------------------------------------------------------X

## COMPLAINT

Plaintiff, by and through his attorneys, Risman & Risman, P.C. and Brustein Law PLLC, as and for his Complaint in this action against Defendants, Cox Automotive, Inc. D/B/A Manheim ("Cox"), Timothy Janego ("Mr. Janego"), and Krista Falcone ("Ms. Falcone"), respectfully alleges as follows:

## INTRODUCTION

1.	This action is brought to remedy retaliation in violation of New York Executive Law § 296 (the "NYSHRL"), 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII").

2.	This action arises from the hostile work environment and retaliation that the Plaintiff, Thomas Rastelli (hereinafter referred to as "Mr. Rastelli" or "Plaintiff") endured as an employee of the Defendant, Cox.

3.	Manheim is a subsidiary of Cox.

## JURISDICTION AND VENUE

4.	The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under

Section 1981 and Title VII. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

**PARTIES**

   **(a) Mr. Rastelli**

6. Mr. Rastelli at all relevant times was a resident of Saratoga County and the State of New York. Mr. Rastelli was hired by Cox as a Field Sales Manager on or about December 2014 in Manheim's Hudson Valley region.

7. On or about December 2016, Mr. Rastelli was promoted by Cox to Assistant General Manager of Manheim's Phoenix, Arizona branch.

8. On or about November 2018, Mr. Rastelli was promoted by Cox to General Manager of Manheim's Portland, Oregon branch.

9. On or about December 2019, Mr. Rastelli was promoted by Cox to General Manager of Manheim's Albany, New York branch.

10. During Mr. Rastelli's employment with Cox, he has been repeatedly subjected to verbally abusive and unlawful employment practices that violated his rights under the New York State Human Rights laws.

11. Instead of taking reasonable steps to protect Mr. Rastelli from discrimination, a hostile work environment and retaliation, Cox terminated his employment.

12. At all relevant times, Mr. Rastelli was and still is entitled to the equal benefit and protection of the laws of the State of New York, and to established civil rights to which he was and is entitled under New York law.

13. Mr. Rastelli's family is diverse and he has African American family members.

14. At all times, while Mr. Rastelli was employed by Cox, Mr. Rastelli's work and performance were not only satisfactory, but exceeded expectations.

**(b) Cox**

15. At all relevant times herein, Cox is a Georgia corporation, authorized to do business in the State of New York, having a principal place of business and headquarters at 6205A Peachtree Dunwoody Road, Atlanta, Georgia 30328.

16. Upon information and belief, Cox operates as an automotive sales company. Cox serves customers worldwide.

17. Manheim is a subsidiary of Cox.

18. Throughout Mr. Rastelli's time working at Manheim branches, he was employed by Cox.

19. At all relevant times, Cox is an employer as defined by § 292 of the New York Executive Law.

**(e) Timothy Janego.**

20. Upon information and belief, at all relevant times herein, Respondent, Timothy Janego (hereinafter referred to as "Mr. Janego"), served as an agent and/or contractor of Cox for purposes of the NYSHRL. At all relevant times, Mr. Janego was the Regional Vice President for Cox.

**(f) Krista Falcone.**

21. Upon information and belief, at all relevant times herein, Krista Falcone (hereinafter referred to as "Ms. Falcone"), served as an agent and/or contractor of Cox for purposes of the NYSHRL. Ms. Falcone was the Director of Human Resources for the East Region of Cox.

**PROCEDURAL REQUIRMENTS**

22. This Claim is being filed within three years of the last unlawful discriminatory, retaliatory, and harassing practices alleged herein, pursuant to New York Executive Law § 296.

23. Mr. Rastelli received a right to sue letter from the Equal Employment Opportunity Commission on June 7, 2021.

**FACTUAL BACKGROUND**

24. On November 19, 2019, Patrick Brennan Manheim, Sr. asked Mr. Rastelli if he would be interested in becoming the General Manager of the Albany, New York Manheim branch.

25. The Portland Manheim branch had approximately 50 employees and an annual budget of $2.3 million.

26. The Albany Manheim Branch had approximately 120 employees and an annual budget of $4 million.

27. On December 18, 2019, Mr. Rastelli was flown to Albany, New York to interview for the General Manager position.

28. On December 18, 2019, Mr. Rastelli had dinner at a restaurant with Mr. Janego, Lauren Sokolowski ("Ms. Sokolowski), the Assistant General Manager of the Manheim Albany Branch ("Manheim Albany"), and Jay Waterman, the prior General Manager of Manheim Albany. Mr. Janego and Ms. Sokolowski left the restaurant together in a vehicle.

29. Mr. Rastelli was promoted to General Manager of Manheim Albany, effective January 1, 2020.

30. On January 16, 2020, during a corporate meeting in Las Vegas, Nevada, Mr. Janego told a female employee that her sequined yoga pants would bring attention to her.

31. Mr. Rastelli informed Mr. Janego that he had been able to save Manheim Albany money in the annual budget for 2020.

32. Mr. Janego informed Mr. Rastelli that he would use the extra savings to give Ms. Sokolowski a raise in addition to the above average raise she had already received.

33. On March 27, 2020, during a video conference call with all of the general managers in Mr. Janego's region, Mr. Janego asked one of the general managers to bring the rear and close the call out. That same general manager responded, "Great, just my favorite, in the rear." Mr.

Janego began visibly smirking. Ms. Falcone was on the call, but did not object to the sexually lewd and inappropriate commentary.

34. On June 2, 2020, Ms. Sokolowski called Mr. Rastelli and mockingly told him that their only African American employee would be at the George Floyd protest that day.

35. During that same call, Ms. Sokolowski told Mr. Rastelli that she told that same African American employee on several occasions that he is [their] "token."

36. Shortly after the aforementioned call with Ms. Sokolowski, Mr. Rastelli called Ms. Falcone and reported the overtly racist comments made by Ms. Sokolowski. Mr. Rastelli told Ms. Falcone that he objected to the racist language used by Ms. Sokolowski and took offense to them being that the comments were objectively discriminatory.

37. On June 18, 2020, Ms. Falcone and Mr. Janego called Mr. Rastelli to discuss the outcome of their investigation into Mr. Rastelli's complaint of race-based discrimination and a hostile work environment.

38. During the call, Ms. Falcone claimed that there was zero tolerance for calling an African American employee a "token."

39. Ms. Falcone stated that because Mr. Rastelli had made the complaint, they were required to conduct an investigation.

40. The investigation found that both Ms. Sokolowski and the African American employee, who is supervised by her, banter about his race.

41. The investigation found that it was inappropriate for Ms. Sokolowski to engage in any conversations about an employee's race.

42. The investigation found that it was inappropriate for Ms. Sokolowski to tease an employee about his race.

43. As a result of the investigation, Ms. Sokolowski was provided with a written warning about why her banter about race was unacceptable behavior as a leader.

44. As a result of the investigation, Ms. Sokolowski was required to complete sensitivity training and diversity training.

45. Despite finding that Ms. Sokolowski had unacceptable behavior as a leader and required diversity and sensitivity training, Ms. Falcone and Mr. Janego rewarded Ms. Sokolowski, and gave her the additional responsibility of ensuring that Albany Manheim had the proper diversity and sensitivity and training for the employees designated to work in that location.

46. After Ms. Falcone advised Mr. Rastelli that Ms. Sokolowski would be given the additional responsibility as a result of his complaint, Ms. Falcone shifted to critiquing the way Mr. Rastelli had reported the racist language.

47. Ms. Falcone told Mr. Rastelli that he should have handled the conversation with Ms. Sokolowski without escalating it to an investigation.

48. Ms. Falcone told Mr. Rastelli that instead of making an official report, he should have just made Ms. Falcone aware that he had spoken to Ms. Sokolowski about the racist language and that he had addressed it with her.

49. Ms. Falcone told Mr. Rastelli that he could have built more trust with Ms. Sokolowski by not making an official complaint.

50. Ms. Falcone told Mr. Rastelli that she has a responsibility to escalate complaints of racist language to the employee relation team if the complaint has not already been addressed.

51. Ms. Falcone told Mr. Rastelli that by telling her that he had already addressed the racist language with Ms. Sokolowski, Ms. Falcone would not have needed to escalate the complaint to the employee relation team.

52. Ms. Falcone told Mr. Rastelli that he should ask Ms. Sokolowski what she needed from him to improve their relationship.

53. Ms. Falcone told Mr. Rastelli that if Ms. Sokolowski needed something done, Mr. Rastelli should do his darndest to get that done within a few days.

54. Mr. Janego told Mr. Rastelli, Mr. Rastelli has to understand that Ms. Falcone has certain responsibilities and has to follow the proper channels.

55. Mr. Janego told Mr. Rastelli that by having the conversation with Ms. Falcone about Ms. Sokolowski's inappropriate behavior, Ms. Falcone has to follow a protocol and it can get turned in a lot of different ways.

56. Mr. Janego told Mr. Rastelli that there would not be any retaliation against Ms. Sokolowski because of the investigation.

57. While discussing the investigation into Ms. Sokolowski's inappropriate and racist language, Mr. Janego shifted the conversation to discuss Mr. Rastelli's communication as a manager.

58. Mr. Janego told Mr. Rastelli that Ms. Sokolowski knows that Mr. Rastelli escalated her inappropriate behavior.

59. Ms. Falcone told Mr. Rastelli that there is an awkwardness because he complained about Ms. Sokolowski's racist language.

60. Ms. Falcone told Mr. Rastelli that he needed to have a plan to build mutual respect with Ms. Sokolowski.

61. Mr. Janego told Mr. Rastelli that he is good at what he does.

62. On July 23, 2020, Mr. Janego and Ms. Falcone had a pretextual telephone call with Mr. Rastelli about his job performance.

63. During the call, Ms. Falcone said that she needed to interview employees to determine if Mr. Rastelli had committed code of conduct violations.

64. Mr. Rastelli told Mr. Janego and Ms. Falcone that he felt that he was being targeted for objecting to Ms. Sokolowski's racist language.

65. On August 4, 2020, Mr. Janego and Ms. Falcone had a telephone call with Mr. Rastelli to discuss Ms. Falcone's pretextual investigation.

66. During the call, Mr. Janego said that he would let Mr. Rastelli know the result of the investigation soon.

67. On August 11, 2020, Cox terminated Mr. Rastelli's employment.

68. Since terminating Mr. Rastelli's employment, Ms. Sokolowski has taken over Mr. Rastelli's responsibilities and is acting as the General Manager for Manheim's Albany branch.

69. Defendants Cox, Mr. Janego, and Ms. Falcone have aided and abetted the harassment against him, in violation of New York Executive Law § 296.

70. Defendants Cox, Mr. Janego, and Ms. Falcone have retaliated against him for objecting to the harassment and discrimination, in violation of New York Executive Law § 296.

71. As a result of the Defendants' violation of New York Executive Law § 296, Plaintiff has suffered damages including, but not limited to, lost past and future income, humiliation, embarrassment, and emotional distress.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Retaliation in Violation of Title VII)

72. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

73. Defendants have retaliated against Plaintiff by, inter alia, by interfering with the performance of his job, in violation of Title VII, for his opposition to discriminatory practices directed towards others, and/or his participation in lodging complaints about such discriminatory practices.

74. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continue to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

75. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety,

loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

76. Defendants' unlawful retaliatory actions constitute malicious, willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION

**(Retaliation in Violation of Section 1981)**

77. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

78. Defendants have retaliated against Plaintiff by, inter alia, by interfering with the performance of his job, and by ultimately terminating Mr. Rastelli's employment, all in violation of Section 1981 for his opposition to discriminatory practices and language, and/or his participation in lodging complaints about such discriminatory practices.

79. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

80. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

81. Defendants' unlawful retaliatory actions constitute malicious, willful and wanton violations of Section 1981 for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION

**(Retaliation in Violation of New York State Human Rights Law)**

82. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

83. Defendants have retaliated against Plaintiff by, inter alia, interfering with the performance of his job, and by ultimately terminating Mr. Rastelli's employment, all in violation of the New York State Human Rights Law for his opposition to discriminatory practices, and/or his participation in lodging complaints about such discriminatory practices.

84. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York State Human Rights Law, Mr. Rastelli has suffered, and continues to suffer, monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

85. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

**AS AND FOR A FOURTH CAUSE OF ACTION**

**(Aiding and Abetting Violations of New York State Human Rights Law)**

86. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

87. Defendant Mr. Janego and Ms. Falcone knowingly or recklessly aided and abetted the unlawful employment practices, discrimination, harassment and retaliation against Plaintiff in violation of the New York State Human Rights Law.

88. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including but not limited to, loss of future income, compensation and benefits for which he is entitled to an award of damages.

89. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State of New York;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An order directing Defendants to place Plaintiff in the position they would have occupied but for Defendants' retaliatory treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect his employment and personal life;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H. An award of punitive damages;

I. An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

J. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: July 14, 2021
New York, New York

**RISMAN & RISMAN, P.C.**

By: _____

Jeffrey Risman, Esq.
299 Broadway, 17th Floor
New York, New York 10007
T. (212) 223-6400
F. (212) 233-6406
jrisman@risman-law.com